UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Plaintiff's Motion to Conduct Limited Discovery and GRANTING Defendants' Motion to Dismiss based on Forum Non Conveniens**

Before this Court is Defendants' Motion Pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e) and (f). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. Accordingly, the hearing set for August 27, 2007 on the present motion is removed from the Court's calendar. After considering the moving and opposing papers, the Court DENIES Defendants' Motion.

I.   BACKGROUND

Plaintiffs are 25 members of the Achuar indigenous group who live along the Rio Corrientes River in the northern region of Peru, and Amazon Watch, Inc. ("Amazon"), an environmental rights group which works to defend the rights of the indigenous peoples in the Amazon basin. Defendants are Occidental Petroleum Corporation ("Occidental") and Occidental's indirect subsidiary, Occidental Peruana, Inc. ("OxyPeru") (collectively "Defendants"), both American corporations headquartered in Los Angeles.

From the early 1970's to 2000, OxyPeru operated a petroleum and oil exploration operation in Peru in an area known as Block 1-AB. (FAC, ¶¶ 39, 42.) Block 1-AB encompassed traditional Achuar communities as well as lands upstream from such communities. (FAC, ¶¶ 38, 44.) Plaintiffs allege that Defendants' operations in Block 1-AB contaminated the environment, by releasing "produced waters" into streams and tributaries of the Rio Corrientes that degraded the waters and soil, harmed the fish, plants, and animals, and caused Plaintiffs to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

suffer various ailments. (FAC, ¶¶ 48-50, 63-69.) Plaintiffs further allege that Defendants released or disposed of hazardous substances which harmed the environment. (FAC, ¶ 45.)

On May 10, 2007, Plaintiffs filed a complaint in state court alleging, among other things, negligence, strict-liability, medical monitoring and trespass. Defendants removed the action to federal court, and Plaintiffs filed a First Amended Complaint ("FAC") containing twelve causes of action: (1) negligence, (2) strict-liability, (3) battery, (4) medical monitoring, (5) injunctive relief or damages in lieu of injunction, (6) wrongful death, (7) fraud, (8) public nuisance, (9) private nuisance, (10) trespass, (11) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200 *et seq.* and (12) intentional infliction of emotional distress.

Defendants now seek dismissal of the action based on forum non conveniens and international comity. In a separate motion, Defendants seek dismissal of Amazon Watch's claim pursuant to Rule 12(b)(1) and 12(b)(6). In addition, Plaintiffs move to conduct limited discovery prior to the Court's ruling on Defendants' motion to dismiss based on forum non conveniens and international comity.

## II.   MOTION TO CONDUCT LIMITED DISCOVERY

Plaintiffs request that prior to issuing a ruling on Defendants' motion to dismiss based on forum non conveniens, the Court afford Plaintiffs an opportunity to conduct limited discovery regarding the proper forum for this action. Plaintiffs' proposed discovery includes (1) discovery regarding the Peruvian legal system, including Defendants' experiences with the system and their awareness of corruption; (2) discovery regarding the location of witnesses and evidence; and (3) limited depositions of Defendants' representatives concerning the direction and control of Defendants' Peruvian operations, the current location of documents relevant to those operations, the involvement of Defendants in any bribery or corrupt transactions or accusations of such involvement, and Defendants' litigation history in Peru. (Discovery Motion at 5-1.)

### A.   Legal Standard

Under Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . ." Despite this general prohibition, the rule recognizes the court's broad power over discovery by permitting authorization of discovery before a Rule 26(f) conference "when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Therefore, the Court does have authority to entertain Plaintiffs' Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

B. Discussion

Defendants contend that discovery on the issue of forum non conveniens is generally unnecessary and at odds with the doctrine's purposes. Noting that the forum non conveniens doctrine is grounded in concern for the costs of litigation and convenience of the parties, Defendants argue that "[m]otions to dismiss based on forum non conveniens usually should be decided at an early stage in the litigation, so that the parties will not waste resources on discovery and trial preparation in a forum that will later decline to exercise its jurisdiction over the case." *Lony v. E.I. Du Pont de Nemours & Co.,* 935 F.2d 604, 614 (3rd Cir. 1991). While Defendants' contentions are generally correct, they do not preclude this Court from granting the opportunity to conduct limited discovery if doing so would "enable the District Court to balance the parties' interests." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 258, 102 S.Ct. 252 (1981). Moreover, the district court is accorded substantial flexibility in evaluating a forum non conveniens motion, *id.,* at 249, and "[e]ach case turns on its facts." *Williams v. Green Bay & Western R. Co.,* 326 U.S. 549, 557 (1946). So although in certain cases, the forum non conveniens determination will not require significant inquiry into the facts and legal issues presented by a case, other cases may well require some discovery to allow the court to weigh the parties' interests or determine the adequacy of the foreign forum.

Having reviewed Defendants' forum non conveniens motion and all related documents and exhibits, the Court concludes it has enough information to sufficiently weigh the parties' interests and determine the adequacy of the foreign forum. Therefore, Plaintiffs' request to conduct additional discovery is DENIED. The Court now turns to the merits of Defendants' motion to dismiss based on forum non conveniens and international comity.

III. MOTION TO DISMISS BASED ON FORUM NON CONVENIENS AND INTERNATIONAL COMITY

A. Legal Standard: Forum Non Conveniens

A federal court has discretion to decline to exercise jurisdiction on the grounds of forum non conveniens where litigation in the foreign forum would be more convenient for the parties. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006) (quoting *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001); *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). "A party moving to dismiss based on forum non conveniens bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co., Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

*v. Watts,* 303 F.3d 1104, 1118 (9th Cir. 2002) (citing *Lueck,* 236 F.3d at 1142-43). Private factors include ease of access to sources of proof, compulsory process to obtain the attendance of hostile witnesses and the cost of transporting friendly witnesses, and other problems that interfere with an expeditious trial. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446,1451-52 (9th Cir. 1990). Public interest factors include court congestion, the local interest in resolving the controversy, and the preference for having a forum apply a law with which it is familiar. *Id.*

There is a strong presumption in favor of a domestic plaintiff's choice of forum, which can be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. *Piper Aircraft*, 454 U.S. at 265-66; *Ravelo Monegro v. Rosa,* 211 F.3d 509, 514 (9th Cir. 2000) "Forum non conveniens is 'an exceptional tool to be employed sparingly, [not a] . . . doctrine that compels plaintiffs to choose the optimal forum for their claim.' " *Dole Food,* 303 F.3d at 1118 (9th Cir. 2002) (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983)).

    B.    Discussion

        *1.*    *Availability and Adequacy of Peru as an Alternative Forum*

Defendants bear the burden of demonstrating that an alternative forum exists and that it is adequate. *Dole Food,* 303 F.3d at 1118. An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum, and the foreign forum provides a plaintiff with a sufficient remedy for his or her wrong. *See Lueck,* 236 F.3d at 1143 (citations omitted). Typically, a forum will be inadequate only where the remedy provided is "so clearly inadequate or unsatisfactory, that it is no remedy at all." *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 768 (9th Cir. 1991) (quoting *Piper Aircraft,* 454 U.S. at 254).

Defendants assert that OxyPeru is unquestionably subject to jurisdiction in Peru based on its past activities there. (Osterling Dec., § 3.1.) As for Occidental, the parent company, Defendants state that for purposes of this motion, they will stipulate to service of process and consent to jurisdiction in Peru. (Forum Non Conveniens Motion ("FNC Motion") at 6.) When a defendant agrees to waive jurisdiction in the alternative forum, a court may dismiss the case on forum non conveniens grounds, retain jurisdiction, and reinstate the case if the foreign forum refuses to accept jurisdiction. *Leon v. Million Air, Inc.,* 251 F.3d 1305, 1313 (11th Cir. 2001). Given Defendants' stipulation and consent to jurisdiction in Peru, they have sufficiently shown that Peru is an available forum to Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

Defendants also meet their burden of establishing that Peru is an adequate forum by offering the extensive affidavit of expert Dr. Felipe Osterling Parodi ("Dr. Osterling"), an attorney with litigation experience in the Peruvian courts since 1955. (Declaration of Dr. Felipe Osterling Parodi ("Osterling Dec'"))[1] Dr. Osterling details the background of the Peruvian court system and the availability of tort relief. (Id.) Dr. Osterling explains that "[c]ivil liability in Peru is sustained on two major pillars: the liability system based on negligence and the liability system based on created risk." (McEvoy Dec., Ex. A at 32.) Dr. Osterling opines that "beyond the precise and analogical recognition of the theories of civil liability invoked in the complaint, the Peruvian substantive norms on civil liability allow a lawsuit for damages to be processed on the facts set forth in the complaint." (Id. at 34.)

Plaintiffs argue, however, that several barriers prevent the Achuar Plaintiffs from full participation in the judicial system. For example, because all of the minors and five of their adult guardians do not have identity papers, known as DNI (National Identity Document), a necessary requirement to bringing a lawsuit in Peru, they cannot maintain this suit there. (See Simons Dec., ¶ 16). These Plaintiffs cannot secure a DNI since doing so requires a requires a birth certificate, which many indigenous people do not have. (Opp'n at 7.) Plaintiffs further contend that the extreme poverty in the Achuar community acts as a practical barrier, since the Achuar cannot afford DNIs and filing fees, which total more than an Achuar family would earn in one year. (Ardito Dec., attached as Ex. 2 to Simons Dec., ¶ 2, § 7.2 and 7.3.) In addition, Plaintiffs point to Peru's history of discrimination against indigenous people as demonstrating that litigation in Peru would be unfair. (Ardito Dec. at 19-20.) Plaintiffs' expert, Wilfredo Ardito Vega, a Pervian lawyer and university professor, states that "[w]ithin the Judiciary, there can be racism towards indigenous peoples on the part of guards, secretaries, officials, and the judges themselves . . . ." (Id. at 20.)

According to Dr. Osterling, however, Peru has taken substantial measures to protect indigenous rights, including waiving litigation expenses for persons living in geographic zones of poverty (Supp. Osterling Dec. at 8), and authorizing Peruvian judges to admit a complaint filed by persons who do not have a DNI for its processing if they demonstrate material impossibility of obtaining the DNI. (Supp. Osterling Dec. at 4.) Furthermore, "[t]he mere

---

[1] The English translation of Dr. Osterling's declaration and supplemental declaration can be found in Exhibit A attached to the declaration of Bernadette McEvoy ("McEvoy Dec."), and Exhibit B attached to the Supplemental Declaration of Bernadette McEvoy ("Supp. McEvoy Dec.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

existence of filing fees, which are required in many civil law countries, does not render a forum inadequate as a matter of law." *Altmann v. Republic of Austria,* 317 F.3d 954, 972-973 (9th Cir. 2002) (citations omitted). As for the discrimination claim, the few cases that have examined comparable claims have rejected them. *See Parex Bank v. Russian Sav. Bank,* 116 F.Supp.2d 415, 425 (S.D.N.Y. 2000) ("conclusory allegations of judicial bias are insufficient to support a finding that Russia is not an adequate alternate forum"); *Shields v. Mi Ryung Const. Co.,* 508 F.Supp. 891, 894 (D.C.N.Y. 1981) (Saudia Arabia was an adequate forum even though the plaintiff claimed "religious discrimination would prevent him from receiving fair consideration of his claims").

     Plaintiffs also argue that Peru is an inadequate forum because it has no form of action equivalent to the American class action. As evidence of this, they proffer the declaration of Ludwig Apolín Meza, a Peruvian lawyer and University professor specializing in procedural law. (Apolín Dec., attached as Ex. 8 to Simons Dec. at 4-5, 7.) Apolín asserts that the Peruvian "Rules of Civil Procedure do not allow for filing cases whose goal it is to obtain compensation for an **indeterminate group of persons** . . . this implies that there are no legal measures in Peru that are similar to a *class action for damages*." (Id. at 3.)

     The fact that Peru lacks a class action mechanism does not make it inadequate for forum non conveniens purposes. *See Aguinda v. Texaco, Inc.,* 142 F.Supp.2d 534, 540-41 (S.D.N.Y. 2001) ("The class action mechanism, added to the Federal Rules of Civil Procedure in 1937, is ultimately nothing more than a 'convenient procedural device,' which most of the world's nations have chosen not to adopt and the merits of which continue to be debated even in the United States. Its absence does not ordinarily render a foreign forum 'inadequate' for purposes of forum non conveniens analysis." (internal citations omitted)); *see also Gilstrap v. Radianz Ltd.*, 443 F.Supp.2d 474, 2006 WL 2088187, *8 (S.D.N.Y. July 26, 2006) ("It is well-established, and plaintiffs acknowledge, . . . that the unavailability of such procedural mechanisms as class actions and contingent fees, while it may be relevant to the balancing of the public and private interest factors addressed below, does not render a foreign forum inadequate as a matter of law" (citations omitted)). In addition, while Peruvian law may not recognize Rule 23 class actions, Dr. Osterling opines that Peru offers alternatives to an American-style class action. (Supp. McEvoy Dec., Ex. B at 33-36.) For example, if Plaintiffs can demonstrate their claims arise out of the same facts, they may join together in a single lawsuit. (Id. at 35-36.) *See Aguinda,* 303 F.3d at 478 (" . . . Ecuador permits litigants with similar causes of action arising out of the same facts to join together in a single lawsuit. While the need for thousands of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

individual plaintiffs to authorize the action in their names is more burdensome than having them represented by a representative in a class action, it is not so burdensome as to deprive the plaintiffs of an effective alternative forum.")

Plaintiffs call into question the representations by Dr. Osterling, given the "fundamental unpredictability of the Peruvian legal system, including numerous contradictory decisions and apparent disregard for statutes." (FNC Opp'n at 8.) According to the U.S. Dep't of State's 2006 Investment Climate Statement - Peru (2007), *available at http://www.state.gov/e/eeb/ifd/2007/80730.htm,* "contracts are often difficult to enforce in Peru. (Id.) Plaintiffs argue that "[i]f ordinary contracts face such difficulties, complex tort actions, untested in Peru's courts, cannot hope to fare better." (Id.)

As a civil law country, "Peru allows for the existence of contradictory decisions and changes of opinion, provided they are duly supported." (Supp. McEvoy Dec., Ex. B at 9.) Unlike common law countries, in civil law countries, precedents are generally not binding. (Id.) Nonetheless, Dr. Osterling avers that "in the overwhelming majority of cases, precedent has been and continues to be respected, as compared to those cases in which this alleged irregularity has occurred." (Id.)

Plaintiffs further contend that Peru's "generalized picture of corruption" and climate of intimidation are sufficient to render it an inadequate forum. (FNC Opp'n at 9.) A number of courts have rejected this position in forum non conveniens motions for a variety of reasons. *See, e.g. Tuazon*, 433 F.3d 1163; *In the Matter of the Arbitration Between Monegasque de Reassurances S.A.M. v. NAK Naftogaz of Ukraine*, 311 F.3d 488, 499 (2d Cir. 2002); *Blanco v. Banco Indus. de Venezuela, S.A.,* 997 F.2d 974, 981 (2d Cir. 1993) (refusing, despite charges of corruption, to find Venezuelan courts an inadequate alternative forum where parties' contract contained a forum selection clause naming Venezuela as parties' forum of choice); *Torres v. Southern Peru Copper Corp.,* 965 F.Supp. 899, 903 (S.D.Tex. 1996) (finding that Peruvian judicial system was not so corrupt as to render Peru an inadequate alternative forum), *aff'd,* 113 F.3d 540 (5th Cir. 1997); *Mercier v. Sheraton Int'l, Inc.,* 981 F.2d 1345, 1351 (1st Cir. 1992) (finding Turkey to be an adequate alternative forum despite plaintiff's claim that Turkish courts had a profound bias against Americans and foreign women), *cert. denied,* 508 U.S. 912, 113 S.Ct. 2346, 124 L.Ed.2d 255 (1993); *Banco Mercantil, S.A. v. Hernandez Arencibia*, 927 F.Supp. 565, 567 (D.P.R. 1996) (rejecting claim that courts of Dominican Republic were so corrupt as to provide an inadequate alternative forum).

Plaintiffs acknowledge that the "'alternative forum is too corrupt to be adequate'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

argument does not enjoy a particularly impressive track record." *Eastman Kodak Co. v. Kavlin*, 978 F.Supp. 1078, 1084 (S.D.Fla 1997). Nevertheless, Plaintiffs analogize the instant case to *Eastman Kodak,* where the court held that corruption and delay in the Bolivian courts made a fair trial impossible. *Id.* There, the court found plaintiffs' evidence - statements by Bolivia's own Minister of Justice that "the current judicial system is a collection agency and the penal system an agent of extortion [sic]," and "[t]he administration of justice in the nation, in many cases, is clouded by the intrusion of powerful pressures by political and economic groups . . ." - to be "compelling evidence that [the] Bolivian system may not be suitable for the adjudication of plaintiffs' claims." *Id*. at 1085. The plaintiffs further buttressed these allegations of corruption with "an extensive record" of statements by professors, Bolivian attorneys, and World Bank and State Department reports identifying widespread corruption in Bolivian courts, as well as specific allegations of "abusive influence-peddling by [defendant] in the filing of criminal charges against . . . other Kodak employees." *Id*. at 1086.

Here, Plaintiffs' record falls short of the "extensive record" described in *Eastman Kodak*, and is more akin to evidence proffered by the plaintiff in *Tuazon,* 433 F.3d at 1178. In *Tuazon,* the Ninth Circuit rejected the plaintiff's claims that the Philippine courts were too corrupt and plagued with delays to provide an adequate forum for his civil case. *Tuazon,* 433 F.3d at 1178. The court reasoned that plaintiff's evidence - "anecdotal evidence of corruption and delay," and State Department Country Reports focused on the criminal justice system and referencing corruption, judicial bias and inefficiency - provided an insufficient basis for finding the Philippine courts were an inadequate forum for the civil case. *Id.* Explaining that "[a] litigant asserting inadequacy or delay must make a powerful showing," the court distinguished *Eastman Kodak,* where the court described plaintiffs' evidence as "both specific and sordid." *Id.*

Plaintiffs' support their general attack on the Peruvian justice system with (1) the declarations of Ardito Vega and Apolín Meza, both Peruvian lawyers and university professors; (2) the declaration of Eliana Ames Vega ("Ames Dec." attached as Ex.5 to Simons Dec.), a Peruvian lawyer with ten years experience in environmental law; (3) internet news and newspaper articles from 1996, and 2005-2007 (Simons Dec., Exs. 19-22); and the 2007 Global Corruption Report by Transparency International, a non-governmental organization (Simons Dec., Ex. 23.) According to Ardito, widespread institutionalized corruption during the Fujimori regime still lingers over the Peruvian judicial system, and "[c]orruption is evident in lobbying [and] illicit networks (that offer themselves to act as intermediaries with magistrates) . . . ." (Ardito Dec. at 14.) Ames states that "there is evidence in by the Executive Branch in the Judiciary in several socio-environmental conflicts," including a mercury contamination case by Newmont Mining Corporation in 2000, where a governmental minister went to the affected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

population and told them "they should not hire lawyers." (Ames Dec. at 2.) Recordings captured high level Peruvian officials successfully bribing a Peruvian Supreme Court judge to rule in favor of Newmont. (Simons Dec., Ex. 21.)

Plaintiffs' evidence of corruption falls short of the "powerful showing" of corruption necessary to defeat a forum non conveniens motion. The Transparency International report only analyzes respondents' perceived corruption, and thus is not indicative of actual corruption. Moreover, unlike in *Eastman Kodak,* where the plaintiffs coupled State Department reports with allegations of corruption by the specific defendants, here, Plaintiffs' specific evidence of bribery of a Supreme Court judge took place nearly eight years ago back in 2000, and did not involve Occidental or OxyPeru. Furthermore, while Plaintiffs allege "on information and belief" that Defendants have bribed unnamed Peruvian officials, Plaintiffs fail to allege any facts, cite to any newspaper articles, or provide any declarations or affidavits to support such a sweeping denunciation. Accordingly, the Court accord little weight to Plaintiffs' conclusory allegations.

The Court also bears in mind that one of the central ends of the forum non conveniens doctrine is to avert "unnecessary indictments by our judges condemning the sufficiency of the courts and legal methods of other nations." *See Monegasque de Reassurances S.A.M. (Monde Re) v. Nak Naftogaz of Ukraine,* 158 F.Supp.2d 377, 385 (S.D.N.Y. 2001) (citations omitted). "[I]t is not the business of our courts to assume a responsibility for supervising the integrity of the judicial system of another sovereign nation." *Blanco v. Blanco Indus. De Venezuela, S.A.*, 997 F.2d 974, 982 (2d. Cir. 1993). Armed with nothing more than unsupported allegations of corruption by Defendants, the Court declines to pass value judgments on the adequacy of Peru's judicial system. *Monde Re*, 158 F.Supp.2d at 384. Based on the foregoing, the Court concludes that Peru is an adequate alternative forum.

### 2. *Private Interest Factors*

The private interest factors that the Court considers in a forum non conveniens analysis include: (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil*, 330 U.S. at 508, *Contract Lumber*, 918 F.2d at 1449.

Defendants focus on witnesses and evidence located in Peru, including Plaintiffs' family

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

members, neighbors, teachers, employers, community and tribal leaders, and physicians; employees and consultants of Pluspetrol; Peruvian civil servants and consultants responsible for monitoring the environmental conditions in Block 1-AB; and research underlying the epidemiological reports referenced in the FAC which appear to have been prepared by the Peruvian government. Plaintiffs, on the other hand, focus on the witnesses and evidence in California, including decisionmakers at Defendants' headquarters and witnesses with knowledge of OxyPeru's operations. Although witnesses and documents are located in both fora, the facts of this case indicate that it centers primarily on Peruvian lands and Peruvian people, thus weighing in favor of dismissal.

Defendants further argue that they cannot compel non-party witnesses resident in Peru to comply with a subpeona for documents or deposition. In support of this proposition, Defendants cite *Lueck*, where the Ninth Circuit noted that because witnesses and documents were under the control of the New Zealand government, "the district court [could not] compel production of much of the New Zealand evidence." *Lueck*, 236 F.3d at 1146-1147. Indeed, the Supreme Court has observed that " to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil,* 330 U.S. at 511. Moreover, courts continue to affirm that it is not fair to make U.S. manufacturers proceed to trial without foreign witnesses who cannot be compelled to attend. *See, e.g., Piper Aircraft*., 454 U.S. at 242-243; *Lueck,* 236 F.3d at 1146-1147; *Carney v. Singapore Airlines*, 940 F.Supp. 1496, 1498, 1502 (D.Ariz. 1996). Many of the witnesses are located in Peru and thus are beyond the reach of compulsory process, including, among others, physicians who treated Plaintiffs, and Peruvian civil servants and consultants responsible for monitoring the environmental conditions in Block 1-AB. Plaintiffs do not dispute that these witnesses are beyond the reach of compulsory process in the United States.

Defendants also maintain that the cost of transporting Peruvian witnesses to the United States weighs in favor of dismissal. Plaintiffs concede that many of the witnesses and evidence are located in remote areas of Peru, but argue that this does not mean Peru is a more convenient forum than Los Angeles. Because it can take three to four days to travel to the Achuar communities in the Amazon from the nearest Peruvian city of Iquitos (Simons Dec., ¶¶ 24-26), and because travel between Los Angeles and Lima or Iquitos is "relatively quick and easy," Plaintiffs assert that there is only a marginal difference in ease of access to witnesses and evidence between Peru and Los Angeles. (FNV Opp'n at 15.) Plaintiffs further argue that there are likely to be numerous witnesses as well as documentary evidence in California since Occidental and Amazon Watch are both located here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

While Plaintiffs downplay the relative ease and access to witnesses factor, it is clear the cost and convenience of travel between Peru and Los Angeles supports dismissal on forum no conveniens grounds. Even if all the witnesses identified by defendants were willing to testify in Los Angeles, the expense of bringing them here could be prohibitive. The price of a round-trip, coach airline ticket to Iquitos purchased three weeks in advance runs over $1000, and takes approximately 16 to 21 hours. (Cachan Dec., ¶ 16, Ex. 1.) Additionally, the Achuar Plaintiffs and most third-party witnesses likely do not speak English, so the cost of translating oral and written evidence is likely to be costly and time-consuming. (Id. ¶ 2.) Thus, the private interest factors weigh overwhelmingly in favor of dismissal.

   3.  *Public Interest Factors*

Public interest factors include court congestion, local interest in resolving the controversy, and preference for having a forum apply a law with which it is familiar. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 771 (9th Cir. 1991).

Here, Peru has a strong interest in this dispute, because Block 1-AB and the Achuar Plaintiffs are located there, and because the suit involves Peruvian lands and citizens. Although California, too, has an interest in ensuring that businesses incorporated or operating within its borders abide by the law, the Court cannot say this interest overrides Peru's concerns. To the contrary, the instant action raises issues such as the environmental regulation of Peruvian territory, and the allegedly tortious conduct carried out against certain Peruvian citizens, both of which a Peruvian tribunal would be better equipped to handle. On balance, this factor weighs in favor of Defendants.

Court congestion is a neutral factor. Plaintiffs' evidence shows that in 2006, the number of new cases filed per judge in Lima and Iquitos was greater that the number filed in the Central District of California in 2006. (Ardito Dec., Pt. I, 7.2.) However, Defendants provide evidence that Peruvian courts in 2006 cleared 80% of the cases they filed in the same year; whereas in the Central District, approximately 12% of the cases have been pending for over three years. (Supp. Osterling Dec. 33; Supp. Cachan Dec. Ex. G.) The most the Court can glean from this information is that both courts have crowded dockets.

The parties disagree about which law would apply in this case. In analyzing choice of law questions, California courts apply a three-part "governmental interest" test. *Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994). First, the court determines whether the foreign state law actually differs from the law of California. *Id.* If so, the court determines whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

"true conflict" exists between their interests.  *Id.*  Third, if each state had a legitimate interest, the court compares the extent to which each state's interests will be impaired if the other state's law is applied.  *Id.*

Defendants presume that the laws differ, that there is a "true conflict" which would be resolved in favor of Peruvian law, and that Peru has a far greater interest than California in regulating environmental conditions in its own territory and addressing allegedly tortious conduct carried out against Peruvian citizens.  Plaintiffs, on the other hand, argue that the Court must presume California law applies since Defendants have failed to do a proper choice of law analysis showing Peruvian law applies.  Although Defendants' choice- of-law analysis is lacking, the Court need not engage in a full choice of law analysis at this stage of the litigation.  *See Piper Aircraft*, 454 U.S. at 251 ("The doctrine of forum non conveniens . . . is designed in part to help courts avoid conducting complex exercises in comparative law.")  *Id.* at 260.  Given that both parties have asserted reasonable explanations that either Peruvian or California law applies, this factor remains neutral.

   *3.   Deference to Plaintiffs' Choice of Forum*

As stated earlier, there is a strong presumption in favor of a domestic plaintiff's choice of forum, which can be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.  *Piper Aircraft,* 454 U.S. at 265-66; *Ravelo Monegro*, 211 F.3d 509 at 514.  However, in *Piper Aircraft,* the Supreme Court implied that the degree of deference given to a domestic plaintiff's choice of forum  "ordinarily" applies to foreign plaintiffs' choice of forum "with less force."  *Id.* at 255.  "But less deference is not the same thing as no deference."  *Ravelo Monegro,* 211 F.3d at 514.

Although Amazon Watch is a California plaintiff, the fact that the 25 Achuar Plaintiffs are all residents of Peru lessens the degree of deference owed to their choice of forum.  Furthermore, Amazon Watch is a plaintiff in only one out of the twelves causes of action listed in the FAC.  The Court thus accords only some deference to Plaintiffs' choice of forum.  With this in mind and balancing the private and public interest factors, Peru stands out as the more convenient forum for this litigation.  Accordingly, the Court hereby GRANTS Defendants' motion to dismiss based on forum non conveniens, and need not address Defendants' argument for dismissal based on international comity.

   IV.   CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5068 PSG (PJWx) | Date | April 15, 2008 |
|---|---|---|---|
| Title | Tomas Maynas Carijano et al. v. Occidental Petroleum Corp. et al. | | |

  For all the reasons stated above, the Court hereby DENIES Plaintiffs' motion to conduct limited discovery, and GRANTS Defendants' motion to dismiss based on forum non conveniens. This ruling renders MOOT Defendants' motion to dismiss Amazon Watch's UCL claim.

  IT IS SO ORDERED.

_____ : _____

Initials of
Preparer